# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW ROSENTHAL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:15CV973 HEA |
| UNKNOWN CALLAWAY, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. [Doc. #2]. Also before the Court are various motions brought by plaintiff. Upon consideration of the financial affidavit, the Court has determined that plaintiff is unable to pay any portion of the filing fee. As a result, the motion to proceed in forma pauperis will be granted. Additionally, the Court has conducted an initial review of the complaint, as well as plaintiff's accompanying motions, and finds that it is unclear whether plaintiff intended for this action to be filed as a civil action under 42 U.S.C. § 1983 or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff will be required to submit an amended complaint clarifying his § 1983 claims in this action and amending his request for relief under § 1983. If plaintiff wishes to pursue his § 2254 claims, he will be asked to file a separate action in this Court.

### Legal Standard

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere

conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

## The Complaint

In the body of plaintiff's complaint, he alleges that he was charged with assault and theft/stealing on April 28, 2011 in St. Charles County court. He claims that he was subject to a "malicious prosecution" by defendant Mary Choi, (Prosecutor, St. Charles County), in that she purportedly fabricated a probable cause statement when she sought a warrant for his arrest. Plaintiff also alleges that defendant Callaway, (Police Officer, St. Charles County)[1], arrested him knowing that the probable cause statement was false. Plaintiff also appears to be alleging an ineffective assistance of counsel claim against his own criminal defense counsel, Allen Surinsky, asserting that defendant Surinsky failed to properly investigate his defense and failed to properly represent plaintiff at trial. Last, plaintiff asserts that there was a failure by the prosecution to provide the defense with exculpatory evidence at his criminal trial, i.e. a *Brady* violation. It appears plaintiff blames state court Judge Cunduff for this alleged error in his criminal case.

In his request for relief, plaintiff requests that this court "vacate" and "expunge" his record and "render a settlement" to "civil rights violations."[2]

---

[1] Plaintiff seeks leave to amend his complaint to add two additional defendant police officers from the St. Peters Police Department – Chief Bishop and Chief Finkelstein. *See* Doc. #4. Plaintiff has not indicated exactly what these officers allegedly did to violate his rights, other than to state that they were "malicious and abuse[d] powers." The Court does not accept amendments by interlineation. *See Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). Thus, plaintiff's motion will be denied, without prejudice, at this time.

[2] Plaintiff has brought two separate motions seeking to vacate his criminal conviction and to expunge his state record. As explained, *supra*, this Court is not a court of appeal for state court criminal convictions. Particularly, these matters cannot be brought before this Court within a § 1983 action. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of

**Discussion**

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by plaintiff to see what type of action he is seeking. If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, plaintiff is seeking both money damages and to vacate and expunge his conviction. This appears to be a "hybrid" action of some sort, where plaintiff is seeking both relief under 42 U.S.C. § 1983, as well as under 28 U.S.C. § 2254. The Court will not allow plaintiff to proceed under both statutes simultaneously in one action. If he wishes to bring both actions in this Court, he must file two separate actions, seeking separate relief under the two different statutes.

As plaintiff originally filed the present action pursuant to 42 U.S.C. § 1983, the Court will presume plaintiff wishes to continue to proceed in this action under § 1983 and allow plaintiff to amend his complaint to include all of the claims and all of the defendants he wishes to

---

state court decisions may be had only in the Supreme Court." *Id.* As a consequence the Court will deny plaintiff's motions, without prejudice.

include in this matter. All claims in this action must be included in one, centralized complaint form. Plaintiff must follow the Court's instructions relating to the filing of his second amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly state the defendants which he is pursuing allegations against, and he must articulate, <u>for each of those defendants</u>, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case. Plaintiff should also articulate in what capacity he is bringing claims against defendants, whether it is in their official or individual capacities or both. *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file his second amended complaint. Plaintiff is warned that the filing of the second amended complaint **<u>completely replaces</u>** the original and amended complaints, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his second amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's second amended complaint, the Court will review the second amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Furthermore, the Court will provide plaintiff with a § 2254 form, in case he wishes to file a separate action in this Court for habeas corpus relief and the jurisdictional requirements under the statute are met.[3] *See, e.g., Morales v. United States,* 304 F.3d 764, 767 (8th Cir. 2002). Plaintiff is warned that if files a motion under § 2254, any future § 2254 motions will be subject to the restrictions on filing second or successive motions. That is, plaintiff will not be permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A). Furthermore, plaintiff is warned that § 2254 motions are subject to a one-year limitations period. *See* 28 U.S.C. § 2244(d).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff a copy of the Court's Prisoner Civil Rights Complaint Form.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a form petition for filing a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

---

[3] Plaintiff should be aware that in order to bring his habeas action pursuant to § 2254 before this Court, he must have exhausted his state court remedies prior to doing so. *See Frederickson v. Wood,* 87 F.3d 244, 245 (8th Cir. 1996).

**IT IS FURTHER ORDERED** plaintiff's motion to amend his complaint by interlineation [Doc. #4] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motions to vacate his state court criminal conviction and expunge his criminal record [Doc. #3 and #5] are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file a second amended complaint or fails to comply with the instructions set forth above relating to the filing of the second amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the second amended complaint, it will be subject to review under 28 U.S.C. § 1915.

Dated this 13th day of August, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE