UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW ROSENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV973 HEA |
| | ) | |
| UNKNOWN CALLAWAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended complaint. [Doc. #7]. The Court has conducted a review of the amended complaint, as well as plaintiff's accompanying exhibits. Furthermore, based upon a review of the complaint, the Court finds that the federal claims in the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent that there are any state law claims encompassed in the complaint, the Court will decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

### Legal Standard

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### The Amended Complaint

Plaintiff has filed a fifteen-count amended complaint in this action, alleging violations of numerous civil rights by defendants. Including exhibits, his amended complaint totals eighty (80) pages and names ten defendants.

From the court records available on Missouri.Case.Net, as well as plaintiff's amended complaint, the Court has been able to ascertain that plaintiff was charged with theft and assault in the third degree on April 29, 2011, by Officer Unknown Callaway, a police officer with the St. Peters Police Department. *See State v. Rosenthal*, Case No. 1111-CR04895 (11th Judicial Circuit, St. Charles County).

A criminal information was filed against him in St. Charles County Court by prosecutor Mary Choi on September 9, 2011, stating that at the time of the arrest, plaintiff was alleged to have attempted to cause injury to another individual by appropriating keys from a vehicle owned by another and then later attempting to run over an individual with his own truck. In the criminal information, plaintiff was charged with stealing and assault in the third degree. Prosecutor Choi issued a criminal summons for plaintiff on September 16, 2011. The warrant was served on plaintiff on December 12, 2011, and bond was posted by plaintiff four days later.

On January 30, 2012, plaintiff pled guilty to both charges, and on March 12, 2012, plaintiff was sentenced to ninety (90) days, with a suspended execution of sentence ("SES"), and two years of supervised probation by Mid Missouri Court Services. Plaintiff completed his probation on March 12, 2014.

In plaintiff's complaint, he has a long list of allegations against defendants in this action. He asserts that Mary Choi, the prosecutor, maliciously prosecuted him. He believes the assistance of his defense attorney, Allen Surinsky, was "ineffective" and fell "below an objective standard of reasonableness."

Plaintiff also claims that defendant St. Peters Police Officer J. Callaway should have used better investigative and deductive skills relating to the arrest, and he claims that there were mistakes on the probable cause statement supporting plaintiff's arrest and criminal information. Namely, he asserts that many of the factual statements were "wrong" on the Information as a result of defendant Callaway's poor investigative skills, including the fact that the truck identified on the information did not belong to the person plaintiff allegedly attempted to run over, and the witness statements purportedly did not "add up."[1] Plaintiff admits that the probable cause statement was amended by Officer Callaway at some point in the proceedings, and he has included the amended statement in the exhibit to his complaint. Thus, the Court is at a loss to explain his claim, especially when he knowingly pled guilty to the Information.

Plaintiff also complains that there were "Brady" violations, in that not all of the investigative information in the case was turned over during the course of the case, including the 911 phone call, "communication log sheets," the "proven identity of the alleged victims," comparison of statements with other witnesses," and the fact that plaintiff was at one point sat facing on the ground in handcuffs when a police vehicle stopped within five feet in front of him.

It appears that plaintiff blames defendant Callaway for "false arrest" and "false imprisonment," although he has not articulated when exactly he was taken into custody or how his arrest was "false" or where he was held or "imprisoned" unlawfully. Thus, plaintiff has not

---

[1] Plaintiff takes issue with the fact that one of the witnesses' last names was allegedly "not on [Callaway's] report." Plaintiff also states that he thinks the witness reports strain credibility or "were conflicting" and "unworthy to gain belief." He asserts that Callaway's motives should be questioned by the Court because the "Court must be assured, first, that the witness has not been mistaken nor deceived." Plaintiff also appears to blame a "Sergeant Treadway" for signing defendant Callaway's police report with "investigative errors." Plaintiff calls the report "false" even though he pled guilty to the theft and assault charges outlined in the report. It appears that plaintiff simply believes that any mistakes in any report written by defendant Callaway are "false statements punishable by law" under the guise of malicious prosecution.

truly articulated any false arrest or false imprisonment claims within the body of his lawsuit.

Plaintiff also claims that Chief Shipley, who was in charge of the St. Peters Police Department "failed to adequately train" defendant officers Milatovic, Kaiser, Godfrey and Callaway to the rights of plaintiff to "be free from excessive force and unreasonable harm under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution." Plaintiff has not made any allegations of excessive force in this lawsuit. Plaintiff has also failed to make any individual allegations against officers Milatovic, Kaiser, Godfrey, Chief Finkelstein, or Sergeant Treadway. And he has failed to make allegations that these officers acted in such a way that they impeded his constitutional rights.

In his request for relief, plaintiff seeks actual damages in excess of $100 million dollars and punitive damages in excess of $1 billion.

In his request for relief, plaintiff requests that this court "vacate" and "expunge" his record and "render a settlement" to "civil rights violations."[2]

**Discussion**

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Thus, plaintiff's malicious prosecution claims are subject to

---

[2] Plaintiff has brought two separate motions seeking to vacate his criminal conviction and to expunge his state record. As explained, *supra*, this Court is not a court of appeal for state court criminal convictions. Particularly, these matters cannot be brought before this Court within a § 1983 action. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id.* As a consequence the Court will deny plaintiff's motions, without prejudice.

dismissal, pursuant to the doctrine espoused in *Heck v. Humphrey,* as these claims would necessarily invalidate his criminal conviction.

However, plaintiff's claims for "ineffective assistance of counsel" relating to his own defense counsel's performance are claims that arise under habeas corpus, as are his requests for "expungement" and "to vacate" his criminal record. In order to pursue such claims, plaintiff must bring an action in habeas corpus, pursuant to 28 U.S.C. § 2254. See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In the meantime, the present case will be dismissed as *Heck*-barred.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) pursuant to the doctrine of *Heck v. Humphrey*.

**IT IS FURTHER ORDERED** that to the extent that there are any state law claims encompassed in the complaint, the Court will decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of November, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE